UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA GODDARD | ECF CASE |
| Plaintiff, | Case No. 1:11-cv-02105-RJS |
| vs. | |
| AMERICAN EXPRESS COMPANY & | CIVIL COMPLAINT |
| AEGIS RECEIVABLES MANAGEMENT, INC. & | JURY TRIAL DEMANDED |
| WAGNER & HUNT, P.A. | |
| Defendants | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Andrea Goddard, by and through her undersigned counsel, Bruce K. Warren, Esquire, of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1.  Plaintiff, Andrea Goddard, is a natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant, American Express Company transacts business in this District and maintains a primary location in this District.

## III.   PARTIES

4. Plaintiff, Andrea Goddard, is an adult natural person residing at 2817 Shamrock Street, Tallahassee, Florida 32309-3207.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, American Express Company ("Defendant"), at all times relevant hereto, is and was a global service company engaged in the business of offering financial services nationwide with an office located at World Financial Center, 200 Vesey Street, New York, New York 10285.

6. Defendant, Aegis Receivables Management Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and Texas with a principal place of business located at 8201 Ridgepoint Drive, Irving, TX 75063.

7. Defendant, Wagner & Hunt, PA ("Defendant"), at all times relevant hereto, is and was a professional association engaged in the business of collecting debt within the State of Florida with a principal place of business located at 5233 Coconut Creek Parkway, Margate, Florida 33063.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

9. On or about November 4, 2009, Plaintiff with the help of their personal legal counsel entered into a settlement agreement with Defendant, Aegis Receivables, on a debt allegedly owed to Defendant, American Express Company. **See "EXHIBIT A" (settlement letters from Aegis and American Express) attached hereto**.

10. Defendant, Aegis, offered a settlement amount of $2,400.00 which the Plaintiff agreed to pay in monthly payments of $240 beginning November 11, 2009 and ending on August 25, 2010.

11. Plaintiff made all payments to Defendant, Aegis, in a timely manner.

12. Defendant, Aegis, accepted and deposited all payments sent by the Plaintiff.

13. Defendant, Aegis, has never returned any payments made by the Plaintiff in this matter.

14. In the early part of June, 2010, Plaintiff started to receive calls from Defendant, American Express Company, directly collecting on the above referenced account.

15. Despite Plaintiff already making payments to Defendant, Aegis, on said account, Defendant, American Express, continued to contact the Plaintiff offering a settlement of $2,886.85 if the Plaintiff accepted the offer by June 9, 2010.

16. This settlement amount was over $400.00 more than the initial settlement that the Plaintiff had already agreed to.

17. On or about April 23, 2010, Plaintiff started to receive calls from an agent of Defendant, Wagner & Hunt, by the name of "Yasmine", who informed Plaintiff that they now owned the aforementioned account.

18. Plaintiff was told that her account balance now due to Defendant, Wagner & Hunt, was $4,528.81.

19. At that time, Plaintiff informed Defendant, Wagner & Hunt, that she had retained the services of personal legal counsel to help aid her in her debt settlement negotiations and that the Defendant, Wagner & Hunt, would need to contact them directly in this matter.

20. Defendant, Wagner & Hunt's, agent, "Yasmine", told the Plaintiff that they would not work with her attorney, due to the fact that it was their fault in the first place that Defendant, Aegis, released Plaintiff's account.

21. Defendant, Wagner & Hunt's agent, "Yasmine", went on to erroneously tell the Plaintiff that her attorney did not make all of the necessary payments required by her debt settlement agreement resulting in the agreement becoming null and void.

22. Defendant, Wagner & Hunt's, agent, "Yasmine", encouraged the Plaintiff to stop working with her legal counsel because they were only taking her money and they would not be able to help her pay off this debt.

23. Defendant, Wagner & Hunt, refuses to honor the original settlement agreement made with Defendant, Aegis Receivables Management.

24. On or about November 2, 2010, Plaintiff received a letter from Defendant, Wagner & Hunt, demanding a payment in the amount of $38.00 by November 21, 2010, to stop Plaintiff's account from becoming further past due.  **See "EXHIBIT B" (letter) attached hereto.**

25. On or about December 21, 2010, Plaintiff was sued in the Leon County Court of Florida by Defendant, Wagner & Hunt, on behalf of Defendant, American Express Company.  **See "EXHIBIT C" (summons) attached hereto**.

26. Defendants, American Express Company and Aegis Receivables Management, were in breach of their contract when they promised the Plaintiff the opportunity to participate in an agreed upon settlement offer and then did not follow through with their part of said agreement at no fault of the Plaintiff.

27. As a direct consequence of the Defendants, American Express, and Aegis Receivables, breach of contract the Plaintiff is receiving daily collection calls from Defendant, Wagner & Hunt, on a debt that has already been satisfied.

28. As a direct consequence of all three (3) of the Defendants, acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

29. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

30. The Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Defendants could have taken the steps necessary to bring their

and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

32. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

### Plaintiff v. Aegis Receivables Management, Inc.

### and Wagner & Hunt, P.A.

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | | |
|---|---|---|
| | §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| | §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| | §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Aegis Receivables Management Inc., and Wagner & Hunt, P.A., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

### Plaintiff v. Aegis Receivables Management, Inc.

### and Wagner & Hunt, P.A.

37. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated in this complaint.

38. Defendant's actions constitute numerous and multiple violations of the Florida Civil Code §§559.72 et seq. as alleged above including but not limited to, violations of:

§§559.72(7): Willfully communicate with the debtor with such frequency as can reasonably be expected to harass debtor or her family; or willfully engage in other conduct that is reasonable to abuse or harass the debtor or any member of her family;

§§559.72(18): Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

39. As a result of the above-described violations of the FCCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Aegis Receivables Management, Inc., and Wagner & Hunt, P.A., for the following:

a. An award of actual damages;

b. The maximum amount of statutory damages provided under FL Civil Code;

c. For an award of costs of litigation and reasonable attorneys' fees pursuant to FL Civil Code;

d. Such other or further relief as the Court deems just and proper.

## COUNT III

## BREACH OF CONTRACT

**Plaintiff v. American Express Company and Aegis Receivables Management, Inc.**

40. The above paragraphs are hereby incorporated herein by reference.

41. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

42. Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, American Express Company, Aegis Receivables Management Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.       Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.       Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**WARREN & VULLINGS, LLP**

**Date: March 15, 2011**           BY:_____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff